GIBSON, DUNN & CRUTCHER LLP
JASON C. SCHWARTZ (*pro hac vice application pending*)
  JSchwartz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  202.955.8500
Facsimile:   202.467.0539

RACHEL S. BRASS, SBN 219301
  RBrass@gibsondunn.com
DANIEL R. ADLER, SBN 306924
  DAdler@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

Attorneys for Defendant
AMAZON LOGISTICS, INC. (erroneously sued as
AMAZON.COM SERVICES, LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTURO ROMERO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREENWICH LOGISTICS, LLC, a Delaware corporation; AMAZON.COM SERVICES, LLC, a Delaware corporation; NEED IT NOW, LLC, a California corporation; SOS LOGISTICS, LLC, a California corporation; ASAP COURIER AND LOGISTICS, a business entity of unknown form; LUCKY 2 LOGISTICS, LLC, a business entity of unknown form; WDS LOGISTICS, LLC, a business entity of unknown form; NEED IT NOW COURIER OF MD, a business entity of unknown form; LEXINGTON LOGISTICS, a business entity of unknown form; FASTMILE DELIVERS, LLC, a business entity of unknown form; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 3:21-cv-00035<br><br>**NOTICE OF REMOVAL BY DEFENDANT AMAZON LOGISTICS, INC.**<br><br>[Removal from the Superior Court of California for the County of Alameda, Case No. RG20079679]<br><br>Action Filed: November 4, 2020 |

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT AMAZON LOGISTICS, INC.

**TO THE CLERK OF THE COURT, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Amazon Logistics, Inc.[1] (erroneously sued as Amazon.com Services, LLC; hereinafter, "Amazon"), hereby removes this action from the Superior Court of the State of California for the County of Alameda, where it is pending under case number RG20079679, to the United States District Court for the Northern District of California.  Amazon removes this action under (1) the statute giving federal courts jurisdiction over federal questions, 28 U.S.C. § 1331, and (2) the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  Removal is proper for the reasons set forth below.

## I. BACKGROUND

1. Plaintiff Arturo Romero brought this purported nationwide class action against ten companies, including Amazon, on November 4, 2020, in the Superior Court of the State of California for Alameda County.  *See* Declaration of Rachel Brass ("Brass Decl."), Ex. B (Complaint).  Mr. Romero served his complaint on Amazon by personal service on December 7, 2020.  Brass Decl., Ex. D at p. 8.

2. Mr. Romero, a California resident, alleges that he worked for Amazon and the other nine named defendants within the last five years.  Compl. ¶¶ 8, 23, 31.  According to the complaint, the defendants failed to "provide legally compliant disclosure and authorization forms" about background checks they allegedly performed on Mr. Romero when he applied to work for them.  *Id.* ¶¶ 31–32.  Mr. Romero asserts that the defendants "routinely acquire criminal, consumer, and investigative consumer and/or consumer credit reports . . . to conduct background checks" on job applicants, "without providing proper disclosures and obtaining proper authorization," as allegedly required under the Fair Credit Reporting Act ("FCRA").  *Id.* ¶¶ 2–3.  Mr. Romero alleges that the disclosures the defendants provided were inadequate because, among other things, they contained "extraneous and superfluous language," did not appear in "standalone documents," and did not "accurately provide a summary of rights and the law under the FCRA."  *Id.* ¶¶ 32–34.

---

[1] The complaint erroneously names Amazon.com Services, LLC as a defendant.  Amazon assumes that Mr. Romero intended to name Amazon Logistics, Inc., which contracted with defendant Greenwich Logistics, LLC, one of the other named defendants.  Declaration of Amanda Tylosky ("Tylosky Decl.") ¶ 2.

Gibson, Dunn & Crutcher LLP

2
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT AMAZON LOGISTICS, INC.

3. Mr. Romero asserts that "[t]his action has been brought and may be maintained as a class action." Compl. ¶ 22. He defines the putative class as "[a]ll of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action." *Id.* ¶ 23. Mr. Romero "does not currently know the exact number of class members" but believes "that the actual number exceeds the minimum required for numerosity under California law." *Id.* ¶ 25.

4. Mr. Romero asserts two FCRA causes of action on behalf of himself and the putative class. First, he claims that the defendants failed to provide a "clear and conspicuous disclosure" in a standalone document that background reports would be obtained when he and members of the putative class applied for employment. Compl. ¶¶ 35–55 (citing 15 U.S.C. § 1681b(b)(2)(A)). Second, Mr. Romero claims that the defendants failed to provide him and members of the putative class with a proper summary of their rights under the FCRA before obtaining background reports. Compl. ¶¶ 56–69 (citing 15 U.S.C. §§ 1681d(a)(1), 1681g(c)).

5. Mr. Romero seeks, on behalf of himself and the putative class, "all available remedies" for willful violations of the FCRA, "including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs." Compl. ¶ 68; *see also id.* at Prayer for Relief (seeking "[a]ctual damages"). In the alternative, he seeks remedies for negligent violations of the FCRA, "including statutory damages and attorneys' fees and costs." *Id.* ¶ 69. Mr. Romero also seeks restitution, declaratory relief, pre-judgment interest, and civil penalties. *Id.* at Prayer for Relief.

## II.  GROUNDS FOR REMOVAL

6. Removal of this action is proper on two independent grounds. First, the Court may exercise subject-matter jurisdiction over Mr. Romero's federal causes of action under 28 U.S.C. section 1331.[2] Second, the Court may exercise subject-matter jurisdiction over this action under the

---

[2] Although the complaint alludes in passing to violations of state law, *see* Compl. ¶¶ 1 ("Plaintiff brings this class action . . . for alleged violations of the Fair Credit Reporting Act ('FCRA') and similar California laws.") & 27 ("Plaintiff . . . alleges that Defendants have a policy or practice of

Gibson, Dunn & Crutcher LLP

3
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT AMAZON LOGISTICS, INC.

Class Action Fairness Act of 2005 ("CAFA"), because the putative class contains at least 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d).

### A. The Court Has Federal-Question Jurisdiction

7. Federal district courts may exercise subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. A case "arises under [federal] law" when federal law "creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *accord Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Here, Mr. Romero asserts two claims under the FCRA—a federal statute. Compl. ¶¶ 33–69. These federal claims create federal-question jurisdiction. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) ("[T]here is no serious debate that a federally created claim for relief is generally a 'sufficient condition for federal-question jurisdiction.'").

9. Thus, the Court has original jurisdiction over both of Mr. Romero's claims under 28 U.S.C. section 1331, making removal appropriate. *See* 28 U.S.C. § 1441(a).

### B. The Court Has Jurisdiction Under CAFA

10. Federal courts may exercise diversity jurisdiction under CAFA where: (1) The case is a "civil action . . . and is a class action"; (2) the putative class consists of at least 100 members; (3) minimal diversity exists between the parties—in other words, at least one putative class member is a citizen of a state different from that of any defendant; and (4) the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d); *see id.* § 1441. Notwithstanding Mr. Romero's allegations to the contrary, *see* Compl. ¶ 7, each prerequisite is satisfied in this case.

11. First, this case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure section 382, authorizing a lawsuit to be brought as a class action. 28 U.S.C. § 1332(d); *see also* Compl. ¶¶ 1 ("Plaintiff brings this class

---

failing to comply with the FCRA, ICRAA, and/or the CCRAA, as alleged in this Complaint."), Mr. Romero does not actually assert any state-law claims, *see id.* ¶¶ 33–69. For that reason, this removal does not address the question of pendent jurisdiction.

Gibson, Dunn & Crutcher LLP

4
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT AMAZON LOGISTICS, INC.

action") & 22 ("This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382").

12. Second, both Mr. Romero's own allegations and Amazon's records make clear that this action satisfies CAFA's requirement that the proposed class contain at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

   a. Plaintiff's proposed class consists of "[a]ll of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action." Compl. ¶ 23.

   b. Amazon denies that it is or was Mr. Romero's employer or that class treatment is permissible or appropriate. Amazon expressly reserves all rights in this regard.[3] On information and belief, Mr. Romero sought employment with or was an employee of Greenwich Logistics, LLC, a company that provided delivery services to Amazon.com customers, among others, also called a delivery-service partner ("DSP"). All DSP employees are subject to a background check prior to being eligible to provide services to Amazon.com customers on behalf of their DSP employers or prospective employers. Amazon's records indicate that over the five-year period addressed in the complaint, more

---

[3] Amazon denies that liability or damages can be established either as to Mr. Romero or on a class-wide basis. Amazon does not concede, and reserves the right to contest, at the appropriate time, Mr. Romero's allegations that this action may properly proceed as a class action. Amazon does not concede and reserves the right to contest, at the appropriate time, that any of Mr. Romero's allegations constitute a cause of action against it under applicable law. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Mr. Romero and the putative class members will or could actually recover any damages based upon the allegations in the complaint or otherwise.

Gibson, Dunn & Crutcher LLP

5
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT AMAZON LOGISTICS, INC.

than 50,000 current or prospective DSP employees were subject to such background checks, Tylosky Decl. ¶ 3, far more than the 100 CAFA requires.[4]

13. Third, this case satisfies CAFA's requirement of minimal diversity. To cross the threshold of minimal diversity, only one putative class member must be a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2)(A); *see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010).

a. For diversity purposes, a person is a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A party's residence can be evidence of his or her domicile. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016). The only named plaintiff, Mr. Romero, alleges that he resided in California at the time of filing and during all relevant periods. *See* Compl. ¶ 8. Therefore, Mr. Romero is a citizen of California for diversity jurisdiction purposes. *See Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940) (holding that a person is domiciled where he or she has established a "fixed habitation of abode in a particular place, and [intends] to remain there permanently or indefinitely").

b. While Mr. Romero names Amazon.com Services, LLC as a defendant, Amazon believes this was an error; he presumably meant to sue Amazon Logistics, Inc., the corporation that entered into a delivery-services contract with another defendant, Greenwich Logistics, LLC. Regardless, there is no difference for purposes of the diversity analysis; there is complete diversity because both

---

[4] Plaintiff vaguely alleges that Amazon and each of the nine other defendants all employed him, suggesting he is pursuing some kind of joint-employer theory of liability. *See* Compl. ¶¶ 20 (alleging that "some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, principals or co-participants of some or all of the other defendants") & 31 ("Plaintiff worked for Defendants during the relevant time period."). Amazon denies such allegations.

Gibson, Dunn & Crutcher LLP

6
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT AMAZON LOGISTICS, INC.

Amazon.com Services, LLC and Amazon Logistics, Inc. are citizens of Delaware and Washington.

    c.    For diversity purposes under CAFA, the citizenship of an unincorporated association, such as a limited liability company, is determined by "its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 704–05 (4th Cir. 2010); *Ramirez v. Carefusion Res., LLC*, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019). Amazon.com Services, LLC is a Delaware limited liability company and has its principal place of business in Washington. Declaration of Zane Brown ("Brown Decl.") ¶ 2. As such, Amazon.com Services, LLC is a citizen of Delaware and Washington.

    d.    Even if the Court were to apply the traditional diversity rule for limited liability companies, the citizenship of Amazon.com Services, LLC remains the same. A limited liability company is a "citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Amazon.com Sales, Inc. is the sole member of Amazon.com Services, LLC. Brown Decl. ¶ 2. Amazon.com Sales, Inc. is a Delaware corporation with its corporate headquarters and principal place of business in Washington. Brown Decl. ¶ 2. Accordingly, Amazon.com Services, LLC and Amazon.com Sales, Inc. are citizens of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1).

    e.    Amazon Logistics, Inc. is also a citizen of Delaware and Washington. Brown Decl. ¶ 3. A corporation such as Amazon Logistics, Inc. is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (a corporation's principal place of business is "normally . . . where the corporation maintains its headquarters"). Amazon Logistics, Inc. is incorporated under the laws of Delaware and has its headquarters and principal place of business in Washington. Brown Decl. ¶ 3.

Gibson, Dunn & Crutcher LLP

7
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT AMAZON LOGISTICS, INC.

  f. Thus, the citizenship of the proper Amazon defendant—whether Amazon.com Services, LLC or Amazon Logistics, Inc.—is Delaware and Washington.

  g. Therefore, Mr. Romero and Amazon are citizens of different states, and CAFA's minimal-diversity requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(2)(A).

 14. Fourth, although Amazon denies that Mr. Romero or the putative class members are entitled to any relief, Mr. Romero's allegations suggest that the amount in controversy exceeds $5 million.

  a. Mr. Romero alleges that the defendants willfully violated the FCRA.  *See* Compl. ¶ 3. He therefore "seeks all available remedies pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs."  *Id.* ¶¶ 54, 68; *see also* Prayer for Relief.  Statutory damages may be imposed for willful noncompliance with the FCRA, with penalties ranging from $100 to $1,000 per statutory violation.  15 U.S.C. § 1681n(a)(1)(A).  Amazon has a good-faith basis to believe that the alleged putative class contains more than 50,000 putative class members.  *See* Tylosky Decl. ¶ 3.  Each of them, according to the complaint, might be entitled to $100 to $1,000 in statutory damages per transaction.  Even if the Court uses the lowest amount of statutory damages that can be awarded per person ($100) as a reference point, that amount taken together with the alleged actual damages, punitive damages and attorneys' fees exceeds $5 million.  This conservative estimate satisfies CAFA's jurisdictional threshold.  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing *Dart Cherokee Basin Operating Co. v. Owen*, 574 U.S. 81, 89 (2014)).

  b. Amazon reserves the right to present evidentiary support should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied.  *See Dart Cherokee*, 574 U.S. at 89 (noting that "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the

Gibson, Dunn & Crutcher LLP

8
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT AMAZON LOGISTICS, INC.

plaintiff contests, or the court questions, the defendant's allegation" that the amount in controversy exceeds the jurisdictional threshold).

### III.  TIMELINESS OF REMOVAL

15.   Mr. Romero served a copy of the complaint and summons by personal service on Amazon on December 7, 2020.  Brass Decl., Ex. D at p. 8.  Because this Notice of Removal is filed within 30 days of service of the complaint and summons, it is timely under 28 U.S.C. sections 1446(b) and 1453.

### IV.  VENUE

16.   The United States District Court for the Northern District of California is the appropriate venue for removal pursuant to 28 U.S.C. section 1441(a) because it embraces the place where Mr. Romero originally filed this case, in the Superior Court of California for the County of Alameda. *See* 28 U.S.C. §§ 84(c), 1441(a).

### V.  NOTICE

17.   Amazon will promptly serve this notice of removal on Mr. Romero and will promptly file a copy of it with the Clerk of the Superior Court of the State of California, County of Alameda, in which the action is pending, as required under 28 U.S.C. section 446(d).

18.   In accordance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Amazon are filed concurrently with this Notice of Removal as Exhibits A through D to the Brass Declaration.

### VI.  CONCLUSION

19.   For the foregoing reasons, Amazon respectfully submits that this action is properly removed to this Court, and Amazon respectfully requests that this Court proceed as if this case had been originally filed in this Court.  If any question arises as to the propriety of the removal of this action, Amazon requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Gibson, Dunn & Crutcher LLP

9
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT AMAZON LOGISTICS, INC.

Dated: January 5, 2021                              Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: _____
                Rachel S. Brass

GIBSON, DUNN & CRUTCHER LLP
Rachel S. Brass
RBrass@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:     415.393.8200
Facsimile:     415.393.8306

Attorney for Defendant
AMAZON LOGISTICS, INC.

Gibson, Dunn & Crutcher LLP

10
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT AMAZON LOGISTICS, INC.