# EXHIBIT B

```
 1  Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
 2  David Keledjian (SBN 309135)
    david@setarehlaw.com
 3  SETAREH LAW GROUP
    315 S. Beverly Drive, Suite 315
 4  Beverly Hills, California 90212
    Telephone (310) 888-7771
 5  Facsimile (310) 888-0109

 6  Attorneys for Plaintiff ARTURO ROMERO
```

ENDORSED
FILED
ALAMEDA COUNTY

NOV 04 2020

CLERK OF THE SUPERIOR COURT
By TANIA PIERCE, Deputy

Filed By Fax

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

ARTURO ROMERO, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

GREENWICH LOGISTICS, LLC, a Delaware corporation; AMAZON.COM SERVICES, LLC, a Delaware corporation; NEED IT NOW, LLC, a California corporation; SOS LOGISTICS, LLC, a California corporation; ASAP COURIER AND LOGISTICS, a business entity of unknown form; LUCKY 2 LOGISTICS, LLC, a business entity of unknown form; WDS LOGISTICS, LLC, a business entity of unknown form; NEED IT NOW COURIER OF MD, a business entity of unknown form; LEXINGTON LOGISTICS, a business entity of unknown form; FASTMILE DELIVERS, LLC, a business entity of unknown form; and DOES 1 through 50, inclusive,

Defendants.

Case No. RG20079679

CLASS ACTION COMPLAINT FOR:

1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act)
2. Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act).

JURY TRIAL DEMANDED

CLASS ACTION COMPLAINT

NOV 0 4 2020

Plaintiff ARTURO ROMERO ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complain and allege as follows:

## INTRODUCTION

1. Plaintiff brings this class action against Defendants GREENWICH LOGISTICS, LLC, a Delaware corporation; AMAZON.COM SERVICES, LLC, a Delaware corporation; NEED IT NOW, LLC, a California corporation; SOS LOGISTICS, LLC, a California corporation; ASAP COURIER AND LOGISTICS, a business entity of unknown form; LUCKY 2 LOGISTICS, LLC, a business entity of unknown form; WDS LOGISTICS, LLC, a business entity of unknown form; NEED IT NOW COURIER OF MD, a business entity of unknown form; LEXINGTON LOGISTICS, a business entity of unknown form; FASTMILE DELIVERS, LLC, a business entity of unknown form; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2. Plaintiff alleges that Defendants routinely acquire criminal, consumer, and investigative consumer and/or consumer credit reports (referred to collectively as "background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3. Plaintiff, individually and on behalf of all others similarly situated current, former and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA (15 U.S.C. §§ 1681 *et seq.*).

## JURISDICTON AND VENUE

4. This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

5. Venue is proper in the County of Alameda pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein.

6. Venue is proper in Alameda County because Defendants' have at all times alleged herein, conducted business in Alameda County, and throughout California. As such, venue is proper in any county in California.

7. Plaintiff is informed and believes, and thereupon alleges that the individual claims of the classes defined below are under the $75,000 threshold for federal diversity jurisdiction and the aggregate claim is under the $5,000,000 threshold for federal jurisdiction under the Class Action Fairness Act of 2005.

**PARTIES**

8. Plaintiff ARTURO ROMERO is, and at all relevant times mentioned herein, an individual residing in the State of California.

9. Plaintiff is informed and believes, and thereupon alleges that Defendant GREENWICH LOGISTICS, LLC, is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

10. Plaintiff is informed and believes, and thereupon alleges that Defendant AMAZON.COM SERVICES, LLC, is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

11. Plaintiff is informed and believes, and thereupon alleges that Defendant NEED IT NOW, LLC, is, and at all relevant times mentioned herein, a California corporation doing business in the State of California.

12. Plaintiff is informed and believes, and thereupon alleges that Defendant SOS LOGISTICS, LLC, is, and at all relevant times mentioned herein, a California corporation doing business in the State of California.

13. Plaintiff is informed and believes, and thereupon alleges that Defendant ASAP COURIER AND LOGISTICS, is, and at all relevant times mentioned herein, a business entity of unknown form doing business in the State of California.

14. Plaintiff is informed and believes, and thereupon alleges that Defendant LUCKY 2 LOGISTICS, LLC, is, and at all relevant times mentioned herein, a business entity of unknown form doing business in the State of California.

15. Plaintiff is informed and believes, and thereupon alleges that Defendant WDS LOGISTICS, LLC, is, and at all relevant times mentioned herein, a business entity of unknown form doing business in the State of California.

16. Plaintiff is informed and believes, and thereupon alleges that Defendant NEED IT NOW COURIER OF MD, is, and at all relevant times mentioned herein, a business entity of unknown form doing business in the State of California.

17. Plaintiff is informed and believes, and thereupon alleges that Defendant LEXINGTON LOGISTICS, is, and at all relevant times mentioned herein, a business entity of unknown form doing business in the State of California.

18. Plaintiff is informed and believes, and thereupon alleges that Defendant FASTMILE DELIVERS, LLC is, and at all relevant times mentioned herein, a business entity of unknown form doing business in the State of California.

19. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

20. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants.

21. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts

and omissions alleged herein.

## CLASS ALLEGATIONS

22. This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

23. Plaintiff seeks to represent a class defined s follows:

**FCRA Class:** All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

24. **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

25. **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

26. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

   A. Whether Defendants failed to comply with the requirements of 15 U.S.C. § 7001 §§ 1681b(b)(2)(A);

   B. Whether Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates; and

   C. Whether Defendants willfully failed to comply with the FCRA;

27. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to

1. comply with the FCRA, ICRAA and/or the CCRAA, as alleged in this Complaint.

28. **Adequacy of Class Representatives:** Plaintiff is an adequate class representatives in that she has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

29. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

30. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

31. Plaintiff worked for Defendants during the relevant time period. When Plaintiff applied for employment, Defendants performed a background investigation on Plaintiff. When Plaintiff applied for employment with Defendant, Defendant provided her with a disclosure and authorization form to perform background investigations.

32. Defendant did not provide legally compliant disclosure and authorization forms to Plaintiff and the putative class as they contained extraneous and superfluous language. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate," and thus violates Sections 1681b(b)(2)(A) and 1681d(a). Specifically, the

disclosure does not comply with the "clear and conspicuous" requirement because (1) the disclosure is not in all capital letters; (2) the disclosure is not in boldface to set off the required disclosure; (3) the disclosure is part of an employment application and is therefore not a standalone documents; and (3) the disclosure describes multi-state law differences which is not a permissible element in an FCRA disclosure and reduces clarity as to what rights each applicant or employee possesses.

33.     The FCRA disclosure should be a standalone document and, if desired, a bare authorization to obtain information, without being weighed down by irrelevant state law references, confusing and contradictory rights summaries, and impermissible references to side documents containing information not set forth in the attempted disclosure.

34.     Furthermore, Defendant did not the disclosure and authorization forms properly and accurately provide a summary of rights and the law under the FCRA.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

## (15 U.S.C. §§ 1681b(b)(2)(A))

**(Plaintiff and FCRA Class Against All Defendants)**

35.     Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

36.     Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

37.     Plaintiff and class members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

38.     Section 1681a(d)(1) of the FCRA defines "consumer report" as:

> "The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for–
>
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B) employment purposes; or
>
> (C) any other purpose authorized under section 1681b of this title."

Accordingly, a credit and background report qualifies as a consumer report.

39. Section 1681a(e) of the FCRA defines "investigative consumer report" as:

"The term 'investigative consumer report' means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items off information. However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer."

Accordingly, a credit and background report qualifies as an investigative consumer report.

40. Section 1681b(b)(2)(A) of the FCRA provides:

Conditions for furnishing and using consumer reports for employment purposes
Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless–

(i) A ***clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that ***consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

(ii) The consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis added.)

41. Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

42. Because Defendants' disclosures do not meet the requirement of 15 U.S.C. section 7001(c), the disclosures do not satisfy the written requirement.

43. Plaintiff alleges, upon information and belief, that in evaluating their and other class members for employment, Defendants procured or caused to be procured credit and background reports (i.e. a consumer report and/or investigative consumer report as defined by 15 U.S.C. section 1681a(d)(1)(B) and 15 U.S.C. section 1681a(e)).

44. The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information and are not clear and unambiguous disclosures in stand-alone documents.

45. Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. (15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).) The inclusion of extraneous information therefore violates section 1681b(b)(2)(A) of the FCRA.

46. Although the disclosure and authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> "The disclosure may not be part of an employment application because the language [of 15 U.S.C. section 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure."

47. The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly warned that the FCRA notice may not include extraneous information such as a release. In a 1998 opinion letter, the FTC stated:

> "[W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

48. In a report dated July 2011, the FTC reiterated that "the notice [under 15 U.S.C. section 1681b(b)(2)(A))] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

49. By including extraneous and unlawful information, Defendants willfully disregarded the FTC's regulatory guidance and violated section 1681b(b)(2)(A) of the FCRA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate" and therefore violates sections 1681b(b)(2)(A) and 1681d(a).

50. Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acts in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

    A. Defendants are a large corporation with access to legal advice;

    B. Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

    C. The plain language of the statute unambiguously indicates that inclusion of unlawful and extraneous information in a disclosure form violates the disclosure and authorization requirements; and

    D. The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the disclosure form.

51. Based upon the facts likely to have evidentiary support after a reasonable opportunity to further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing them of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

52. Accordingly, Defendants willfully violated and continue to violate the FCRA, including but not limited to, sections 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

53. As a result of Defendants' unlawful procurement of credit and background reports by

1 way of their inadequate disclosures and misinformation as set forth above, Plaintiff and class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

54. Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

55. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. section 1681o, including statutory damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF THE FCRA**

**(15 U.S.C. § 1681d(a)(1) and 1681g(c))**

**(Plaintiff and FCRA Class Against All Defendants)**

56. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

57. Section 1681d(a) states:

> (a) Disclosure of fact of preparation
> A person may not procure or cause to be prepared an investigative consumer report on any consumer unless–
>
> > (1) it is ***clearly and accurately disclosed to the consumer*** that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, which are applicable, may be made, and such disclosure
> >
> > > (A) is ***made in a writing mailed, or otherwise delivered, to the consumer***, not later than three days after the date on which the report was first requested, and
> > >
> > > (B) ***includes a statement informing the consumer of his right to request the additional disclosures*** provided for under subsection (b) of this section and ***the written summary of the rights of the consumer prepared pursuant to section 1681g(c)*** of this title; and
>
> (Emphasis added.)

58. Section 1681d(b) states:

> (b) Disclosure on request of nature and scope of investigation

10
CLASS ACTION COMPLAINT

>Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1), make a ***complete and accurate disclosure of the nature and scope of the investigation requested***. This disclosure shall be made in a writing mailed, or after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.
>(Emphasis added.)

59. As previously alleged, because Defendants' disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy the written requirement.

60. Moreover, even if Defendants' disclosures are deemed to satisfy Section 101(c)(1), Defendants did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the consumer of the right to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested.

61. Section 1681g(c) further provides for summary of rights to obtain and dispute information in consumer reports and to obtain credit scores:

>(c) Summary of rights to obtain and dispute information in consumer reports and to obtain credit scores
>
>(1) Commission
>Summary of rights required
>
>(A) In general
>The Commission shall prepare a model summary of the rights of consumers under this subchapter.
>
>(B) Content of summary
>The summary of rights prepared under subparagraph (A) shall include a description of–
>
>(i) the right of a consumer to obtain a copy of a consumer report under subsection (a) from each consumer reporting agency;
>
>(ii) the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under section 1681j of this title;
>
>(iii) the right of a consumer to dispute information in the file of the consumer under section 1681i of this title;
>
>(iv) the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;
>
>(v) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair

and Accurate Credit Transactions Act of 2003; and

    (vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

62. Defendants did not comply with 1681g(c) because the disclosure included information contrary to the FCRA. Defendants did not comply with 1681g(c)(B)(1) because the disclosures did not state the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

63. Defendants did not comply with 1681g(c)(B)(2) because the disclosure did not state the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge.

64. Defendants did not comply with 1681g(c)(B)(4) because the disclosure did not state the right of a consumer to obtain a credit score from a consumer reporting agency and a description of how to obtain a credit score.

65. Defendants did not comply with 1681g(c)(B)(5) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge.

66. Defendants did not comply with 1681g(c)(B)(6) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

67. As a result of Defendants' unlawful procurement of credit and background reports by way of their inadequate disclosures and misinformation as set forth above, Plaintiff and class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

68. Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

1  69.  In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. section 1681o, including statutory damages and attorneys' fees and costs.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

(1) An order that the action be certified as a class action;
(2) An order that Plaintiff be appointed class representative;
(3) An order that counsel for Plaintiff be appointed class counsel;
(4) Actual damages;
(5) Punitive damages;
(6) Restitution;
(7) Declaratory relief;
(8) Pre-judgment interest;
(9) Statutory penalties;
(10) Civil penalties;
(11) Costs of suit;
(12) Reasonable attorneys' fees; and
(13) Such other relief as the Court deems just and proper.

///
///
///
///
///
///
///
///

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

Dated: November 3, 2020                    SETAREH LAW GROUP

_____
Shaun Setareh
David Keledjian
Attorneys for Plaintiff
ARTURO ROMERO