GIBSON, DUNN & CRUTCHER LLP
JASON C. SCHWARTZ (*pro hac vice*)
  JSchwartz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

RACHEL S. BRASS, SBN 219301
  RBrass@gibsondunn.com
DANIEL R. ADLER, SBN 306924
  DAdler@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

Attorneys for Defendant
AMAZON LOGISTICS, INC. (erroneously sued as
AMAZON.COM SERVICES, LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTURO ROMERO, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GREENWICH LOGISTICS, LLC, a Delaware corporation; AMAZON.COM SERVICES, LLC, a Delaware corporation; NEED IT NOW, LLC, a California corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | CASE NO. 3:21-CV-00035-MMC<br><br>**DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing:**<br>Date:　　July 9, 2021<br>Time:　　9:00 a.m.<br>Place:　　Courtroom 7<br>Judge:　　Hon. Maxine M. Chesney |

Gibson, Dunn & Crutcher LLP

DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Amazon Logistics, Inc. (erroneously sued as Amazon.com Services, LLC; hereinafter, "Amazon") joined in the Motion to Compel Arbitration and Stay this Litigation Pending Arbitration, or in the Alternative, to Stay the Litigation Pending Decisions of this Court and the United States Supreme Court, filed by Defendant Greenwich Logistics, LLC. Dkt. 31. In the Alternative to its joinder, on Friday, July 9, 2021, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Maxine M. Chesney in Courtroom 7 of this Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Amazon will and hereby does move this Court for an order dismissing Plaintiff's complaint.

Amazon's motion seeks an order dismissing Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the complaint fails to state a plausible claim on which relief can be granted. Amazon's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the papers on file in this case, any oral argument that may be heard before the Court, and any other matters that the Court deems appropriate.

Dated: April 30, 2021

                                                        JASON C. SCHWARTZ
                                                        RACHEL S. BRASS
                                                         DANIEL R. ADLER
                                                        GIBSON, DUNN & CRUTCHER LLP

                                                        By: */s/ Rachel S. Brass*
                                                              Rachel S. Brass

                                                        Attorneys for Defendant
                                                        AMAZON LOGISTICS, INC.

Gibson, Dunn & Crutcher LLP

2
DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................. 1

STATEMENT OF ISSUES ............................................................................................................... 2

BACKGROUND ............................................................................................................................... 3

LEGAL STANDARD ....................................................................................................................... 4

ARGUMENT .................................................................................................................................... 5

    I.     Mr. Romero Fails to State a Claim Because He Does Not Allege Facts Linking His Alleged FCRA Violations to the Actions of Any Specific Defendant. ................... 5

    II.    Mr. Romero Fails to Allege Facts Showing That Any Defendant Obtained a Consumer Report or That It Did So for Employment Purposes. .................................. 7

    III.   Mr. Romero Fails to Plead That Any Defendant Obtained an Investigative Consumer Report. ........................................................................................................ 8

    IV.   Mr. Romero Has Not Stated a Claim for Negligent Violation of FCRA. ................... 10

    V.    Mr. Romero's Claims Should Be Dismissed to the Extent He Seeks Injunctive Relief. ......................................................................................................................... 11

CONCLUSION ............................................................................................................................... 11

i

DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................... 4

*Azeveda v. Comcast Cable Commc'ns, LLC*,
  No. 5:19-cv-01225 (N.D. Cal.) .................................................................................................. 1

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................... 4

*Buchanan v. Neighbors Van Lines*,
  2010 WL 4916644 (C.D. Cal. Nov. 29, 2010) ........................................................................... 6

*Burnthorne-Martinez v. Sephora USA, Inc.*,
  No. 16-cv-02843, 2016 WL 6892721 (N.D. Cal. Nov. 23, 2016) ....................................... 1, 10

*Coleman v. Kohl's Dep't Stores, Inc.*,
  No. 3:15-cv-02588 (N.D. Cal.) .................................................................................................. 1

*Contile v. Sectran Sec. Inc.*,
  2019 WL 10851285 (C.D. Cal. Dec. 18, 2019) ......................................................................... 8

*Corazon v. Aurora Loan Servs., LLC*,
  2011 WL 1740099 (N.D. Cal. May 5, 2011) ............................................................................. 5

*Cousin v. Trans Union Corp.*,
  246 F.3d 359 (5th Cir. 2001) .................................................................................................... 10

*Cunha v. IntelliCheck, LLC*,
  254 F. Supp. 3d 1124 (N.D. Cal. 2017) ..................................................................................... 8

*Destfino v. Reiswig*,
  630 F.3d 952 (9th Cir. 2011) ...................................................................................................... 5

*Dunford v. Am. DataBank, LLC*,
  64 F. Supp. 3d 1378 (N.D. Cal. 2014) ....................................................................................... 7

*Dura Pharms., Inc. v. Broudo*,
  544 U.S. 336 (2005) ................................................................................................................... 5

*Howard v. Blue Ridge Bank*,
  371 F. Supp. 2d 1139 (N.D. Cal. 2005) ................................................................................... 11

*Imageline, Inc. v. CafePress.com, Inc.*,
  2011 WL 1322525 (C.D. Cal. Apr. 6, 2011) ............................................................................. 7

ii
DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Johnson v. Sherwin-Williams Co.*,
   152 F. Supp. 3d 1021 (N.D. Ohio 2015) ............................................................................... 7

*Kuhn v. L'Oreal USA S/D, Inc.*,
   2020 WL 1307004 (N.D. Cal. Mar. 19, 2020) ........................................................................ 5

*Lamson v. EMS Energy Mktg. Serv., Inc.*,
   868 F. Supp. 2d 804 (E.D. Wis. 2012) .................................................................................... 7

*McHenry v. Renne*,
   84 F.3d 1172 (9th Cir. 1996) .................................................................................................. 6

*Nationwide Mut. Ins. v. Darden*,
   503 U.S. 318 (1992) ............................................................................................................... 7

*Perez v. Ensign Servs. Inc.*,
   No 8:16-cv-01914 (C.D. Cal.) ................................................................................................ 1

*Poinsignon v. Imperva, Inc.*,
   No. 3:17-cv-05653, 2018 WL 1709942 (N.D. Cal. Apr. 9, 2018) .............................. 1, 9, 11

*Rattler v. MH Sub I, LLC*,
   No. 3:20-cv-02444 (N.D. Cal.) ............................................................................................... 1

*Ruffin-Thompkins v. Experian Info. Sols., Inc.*,
   422 F.3d 603 (7th Cir. 2005) ................................................................................................ 10

*In re Sagent Tech., Inc., Derivative Litig.*,
   278 F. Supp. 2d 1079 (N.D. Cal. 2003) .................................................................................. 6

*Shelton v. Hal Hays Constr., Inc.*,
   No. 5:16-cv-00360, 2016 WL 8904414 (C.D. Cal. July 29, 2016) .................................. 1, 10

*Sollberger v. Wachovia Secs., LLC*,
   2010 WL 2674456 (C.D. Cal. June 30, 2010) ....................................................................... 6

*Soman v. Alameda Health Sys.*,
   No. 3:17-cv-06076 (N.D. Cal.) ............................................................................................... 1

*Taylor v. Tenant Tracker, Inc.*,
   710 F.3d 824 (8th Cir. 2013) ................................................................................................ 10

*United Brotherhood of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't, AFL-CIO*,
   770 F.3d 834 (9th Cir. 2014) .................................................................................................. 6

*Walker v. RealHome Serv. & Sols., Inc.*,
   2019 WL 7944337 (N.D. Ga. Aug. 9, 2019) .......................................................................... 7

Gibson, Dunn & Crutcher LLP

iii

DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Washington v. CSC Credit Servs. Inc.*,
    199 F.3d 263 (5th Cir. 2000)..................................................................................11

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
    792 F.3d 1313 (11th Cir. 2015)................................................................................5

*Zelaya v. Foot Locker, Inc.*,
    No. 5:17-cv-03279 (N.D. Cal.) ................................................................................1

**STATUTES**

15 U.S.C. § 1681a(d)(1)(B)..........................................................................................9

15 U.S.C. § 1681a(e)................................................................................................8, 9

15 U.S.C. § 1681a(h) ....................................................................................................7

15 U.S.C. § 1681b(b)(2)(A) ..................................................................................2, 3, 7

15 U.S.C. § 1681d(a)(1) ........................................................................................2, 3, 8

15 U.S.C. § 1681g(c) .............................................................................................2, 3, 8

15 U.S.C. § 1681o..............................................................................................2, 3, 10

**RULES**

Fed. R. Civ. P. 8(a)............................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6).................................................................................................4

Gibson, Dunn & Crutcher LLP

iv

DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The complaint in this case is a well-worn template, populated here with the name of the plaintiff, Arturo Romero. Mr. Romero has sued multiple companies,[1] including Amazon,[2] on behalf of a putative nationwide class, vaguely alleging that he applied for employment at one or more of them, that a background check was run on him, and that the disclosures he received in connection with that background check did not comply with the Fair Credit Reporting Act, or FCRA. But he has failed to state a claim against any defendant. Mr. Romero alleges hardly any facts. He says nothing about himself, his application for employment, or anything else that might support his claims. He does not even allege which defendant did what, much less how any or all of the defendants wronged him. Mr. Romero instead merely recites the elements of his claims, often recycling boilerplate allegations taken from similar complaints brought by his counsel.[3] He alleges that the defendants (1) obtained a consumer report concerning him without providing a FCRA-compliant disclosure form and (2) obtained an investigative consumer report concerning him without providing him sufficient disclosures and a summary of his rights as required by FCRA. Those claims should be dismissed for several independent reasons.

First, the complaint is a textbook case of "shotgun pleading." He asserts his claims against all the defendants without alleging any facts tying the purported FCRA violations to the actions of any specific defendant, as Federal Rule of Civil Procedure 8 requires. *See* Fed. R. Civ. P. 8(a)(2).

---

[1] Mr. Romero sued ten companies. Compl. ¶¶ 9–18. Pursuant to the parties' stipulation, on March 17, 2021, the Court so ordered the voluntary dismissal of seven of these companies, without prejudice. Dkt. 27.

[2] The complaint erroneously names Amazon.com Services, LLC as a defendant. Amazon assumes that Mr. Romero intended to name Amazon Logistics, Inc., which contracted with defendant Greenwich Logistics, LLC, one of the other named defendants.

[3] Plaintiff's counsel has filed more than 70 similarly threadbare complaints alleging FCRA violations against various companies. *See, e.g.*, *Rattler v. MH Sub I, LLC*, No. 3:20-cv-02444 (N.D. Cal.); *Azeveda v. Comcast Cable Commc'ns, LLC*, No. 5:19-cv-01225 (N.D. Cal.); *Zelaya v. Foot Locker, Inc.*, No. 5:17-cv-03279 (N.D. Cal.); *Poinsignon v. Imperva, Inc.*, No. 3:17-cv-05653 (N.D. Cal.); *Soman v. Alameda Health Sys.*, No. 3:17-cv-06076 (N.D. Cal.); *Burnthorne-Martinez v. Sephora*, No. 4:16-cv-02843 (N.D. Cal.); *Perez v. Ensign Servs. Inc.*, No 8:16-cv-01914 (C.D. Cal.); *Shelton v. Hal Hays Constr., Inc.*, No. 5:16-cv-00360 (C.D. Cal.); *Coleman v. Kohl's Dep't Stores, Inc.*, No. 3:15-cv-02588 (N.D. Cal.). Decisions in select cases with nearly identical allegations are discussed below.

Gibson, Dunn & Crutcher LLP

1
DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

Second, although he claims that the defendants failed to provide him with a FCRA-compliant disclosure, he does not allege facts showing that FCRA applies in the first place. As for his first claim, FCRA requires disclosures when background checks are obtained "for employment purposes." 15 U.S.C. § 1681b(b)(2)(A). But Mr. Romero alleges no facts showing which defendant, if any, ran a background check or that one or more defendants did so in connection with his employment. As for his second claim, FCRA requires the defendant to have obtained an "investigative consumer report"—that is, a report based on witness interviews. *See* 15 U.S.C. §§ 1681d(a)(1), 1681g(c). Yet Mr. Romero fails to allege that anyone conducted interviews about him.

Third, although Mr. Romero asserts that the defendants negligently violated FCRA, he alleges no facts showing that he suffered actual damages, an essential element of that claim. 15 U.S.C. § 1681o.

Finally, the Court should dismiss Mr. Romero's claims insofar as he requests injunctive relief, which is available under FCRA only to the government, not private litigants.

For each of these independent reasons, the Court should dismiss Mr. Romero's complaint.

## STATEMENT OF ISSUES

The following issues are raised by this motion:

1. Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to include a "short and plain statement of the claim[s] showing that [plaintiff] is entitled to relief." Mr. Romero does not allege facts showing which individual defendant or defendants are responsible for the alleged violations. Should the Court dismiss Mr. Romero's claims because he fails to allege which defendant did what or that any specific defendant committed any unlawful act?

2. Mr. Romero alleges, under 15 U.S.C. § 1681b(b)(2)(A), that the defendants made an inadequate disclosure of their intent to obtain a consumer report concerning him. That provision requires a plaintiff to plead and prove that the defendant "procure[d] a consumer report . . . for employment purposes." Mr. Romero does not allege facts showing that any specific defendant procured a consumer report with respect to Mr. Romero, that they did so for an employment purpose, or that he applied to work for or was hired as an employee, by any particular defendant. Should the

Gibson, Dunn & Crutcher LLP

2
DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

Court dismiss Mr. Romero's inadequate-disclosure claim because he fails to allege that any specific defendant procured a consumer report or that they did so "for employment purposes"?

3. Mr. Romero claims that the defendants failed to provide proper disclosures and a summary of his rights in connection with an investigative consumer report. *See* 15 U.S.C. §§ 1681d(a)(1), 1681g(c). But Mr. Romero does not allege facts showing that the defendants obtained an investigative consumer report in the first place. Should the Court dismiss Mr. Romero's improper-summary-of-rights claim because he failed to allege facts showing that any defendant obtained such a report?

4. Mr. Romero claims the defendants negligently violated FCRA. To state such a claim, a plaintiff must plead facts that could prove he suffered actual damages. 15 U.S.C. § 1681o. Mr. Romero does not allege facts showing that he suffered actual damages. Should the Court dismiss Mr. Romero's claims to the extent he alleges negligent violations of FCRA?

5. Mr. Romero requests that the Court grant him injunctive relief. But injunctive relief is not available to private litigants under FCRA. Should the Court dismiss Mr. Romero's claims to the extent they request injunctive relief under FCRA?

## BACKGROUND

Mr. Romero has asserted two FCRA causes of action against multiple companies, including Amazon. His complaint contains few facts, and none sufficient to support his claims. Mr. Romero vaguely alleges that he "worked for Defendants." Compl. ¶¶ 8, 23, 31. He does not state which of the defendants he worked for, when he applied to work "for Defendants," or when he was employed. Notably, he does not allege that he applied to or worked for Amazon. Instead, Mr. Romero alleges only that he "worked for Defendants during the relevant time period." *Id.* He claims that when he "applied for employment with Defendant, Defendant provided her [sic] with a disclosure and authorization form to perform background investigations." *Id.* ¶ 31. He does not say which defendant gave him these forms or which defendant performed the alleged background investigations.

Mr. Romero alleges, on "information and belief," that the defendants conducted background checks in connection with their hiring process "without providing proper disclosures and obtaining proper authorization." Compl. ¶¶ 2, 43. He claims these forms violated FCRA in two ways. First, Mr. Romero vaguely alleges that these disclosures were "embedded with extraneous information," yet

Gibson, Dunn & Crutcher LLP

3
DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

identifies no concrete examples. And he alleges that the disclosures were "not clear and unambiguous disclosures in stand-alone documents" in violation of Section 1681b(b)(2)(A). *Id.* ¶¶ 44–45. Second, Mr. Romero alleges that the defendants failed to provide him with a proper summary of rights required to obtain an investigative consumer report in violation of Sections 1681d(a)(1) and 1681g(c). *Id.* ¶¶ 60–69. He does not allege any facts showing that any defendant ever obtained such a report.

For both claims, Mr. Romero alleges that defendants willfully violated FCRA, or in the alternative, that defendants negligently violated the statute. *Id.* ¶¶ 52, 55, 69.

Mr. Romero seeks to pursue his claims on a class-basis, and alleges a class of current, former and prospective applicants for employment "in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action." Compl. ¶ 23.

## LEGAL STANDARD

A complaint must be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6) unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim must rest on "factual allegations [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a). To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff may not rely solely on "labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and the court reviewing the complaint for plausibility should "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*Iqbal* and *Twombly* call for a two-step approach when evaluating the plausibility of a complaint. First, the Court should pare all conclusory statements and allegations from the complaint. *Twombly*, 550 U.S. at 555. Second, the Court should review the complaint's remaining factual allegations to determine whether they "plausibly" entitle the plaintiff to relief, or whether they raise a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 678–80.

Gibson, Dunn & Crutcher LLP

4
DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

# ARGUMENT

## I. Mr. Romero Fails to State a Claim Because He Does Not Allege Facts Linking His Alleged FCRA Violations to the Actions of Any Specific Defendant.

Mr. Romero sued ten companies (three of which remain as defendants after he voluntarily dismissed the others). Not once in his complaint does he specify which company, if any, committed the misconduct he claims entitles him to relief. Because he therefore has not provided the defendants with fair notice of his claims, his complaint should be dismissed.

Rule 8(a) requires a complaint to provide a "short and plain statement of the claim," which must "provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). Mr. Romero's complaint does not do that. He alleges no facts connecting the purported FCRA violations to the actions of any individual defendant. Instead, he lumps all the defendants together with conclusory allegations that he "worked for Defendants," "Defendants performed a background investigation" on him, and "Defendant did not provide legally compliant disclosure and authorization forms." Compl. ¶¶ 31–32. Although Mr. Romero claims that one "Defendant" provided him with an allegedly noncompliant disclosure, he does not allege *which* of the defendants it was or whether any of the defendants conducted a background check pursuant to that disclosure. *Id.* ¶ 32. Likewise, Mr. Romero fails to allege any facts to support that a background report of any kind was obtained at all, let alone that any defendant in particular obtained the alleged reports. *Id.* ¶ 43.

Courts regularly dismiss complaints for this sort of "shotgun pleading," where a plaintiff "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). For example, in *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011), the Ninth Circuit affirmed an order dismissing a "shotgun pleading" which "grouped multiple defendants together." There, the court held that it was improper for the plaintiffs to "lump" together all defendants and allege that "everyone did everything." *Id.*

Similarly, courts in this District consistently have held that "[u]ndifferentiated pleading against multiple defendants is improper." *Kuhn v. L'Oreal USA S/D, Inc.*, 2020 WL 1307004, at *3 (N.D. Cal.

Gibson, Dunn & Crutcher LLP

5

DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

Mar. 19, 2020) (collecting cases). For example, in *Corazon v. Aurora Loan Servs., LLC*, 2011 WL 1740099, at *4 (N.D. Cal. May 5, 2011), the court dismissed a complaint where the plaintiff "simply refer[red] to 'Defendants' in nearly all of her allegations." There, the court held that the complaint violated Rule 8(a)(2) by "failing to differentiate among defendants or specify which defendant [wa]s the subject of Plaintiff's various allegations." *Id.*; *see also In re Sagent Tech., Inc., Derivative Litig.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act.").

This prohibition on lumping defendants together makes good sense: Conclusory allegations directed at multiple defendants "make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *See Sollberger v. Wachovia Secs., LLC*, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). Defendants subjected to shotgun pleading "cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

Such is the case here. Mr. Romero does not allege even a single fact describing which defendant did what. And he identifies Amazon only once by name, where Mr. Romero alleges that Amazon does business in the state of California. *Id.* ¶ 10. The complaint thus fails to provide Amazon or any other defendants with notice of the claims asserted against them.

Perhaps in an effort to explain his failure to differentiate his allegations or claims between any individual defendant, Mr. Romero also vaguely suggests there is an agency or joint-employer relationship between the defendants. *Id.* ¶¶ 20–21. But he fails to allege any *facts* supporting that conclusion. Mr. Romero instead simply asserts that "some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, principals, or co-participants of some or all of the other defendants." *Id.* ¶ 20. He also asserts that "some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein." *Id.* ¶ 21. Those are all just words, not facts. "[A] mere label cannot demonstrate an agency relationship." *United Brotherhood of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't*,

6
DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

Gibson, Dunn & Crutcher LLP

*AFL-CIO*, 770 F.3d 834, 842 (9th Cir. 2014). Courts have dismissed similar claims as "nothing more than legal conclusions," and the Court should do the same here. *See Buchanan v. Neighbors Van Lines*, 2010 WL 4916644, at *3 (C.D. Cal. Nov. 29, 2010) (dismissing claim under *Iqbal* and *Twombly* where the plaintiff alleged only that "each of the Defendants was the agent, employee, representative, co-conspirator, affiliate, alter ego and/or successor-in-interest of each of them, and of each other, and has, in such capacity or capacities, participated in the acts or conduct alleged"); *accord Imageline, Inc. v. CafePress.com, Inc.*, 2011 WL 1322525, at *4 (C.D. Cal. Apr. 6, 2011).

Because Mr. Romero alleges no facts showing which defendant or defendants were responsible for the alleged FCRA violations, the Court should dismiss his complaint.

## II. Mr. Romero Fails to Allege Facts Showing That Any Defendant Obtained a Consumer Report or That It Did So for Employment Purposes.

Mr. Romero's first claim is that the defendants ran a background check on him without providing an adequate disclosure. Compl. ¶¶ 43–44, 49. But the statute under which he sues requires such a disclosure only when someone actually runs a background check and does so "for employment purposes," 15 U.S.C. § 1681b(b)(2)(a), and Mr. Romero has not alleged any facts showing that any defendant ever obtained his consumer report, let alone for those purposes.

FCRA itself defines what can be considered an "employment purpose": "evaluating a consumer for employment, promotion, reassignment or retention *as an employee*." 15 U.S.C. § 1681a(h) (emphasis added). The question, then, is who counts as an "employee." Because "employee" or "employment" is not otherwise defined in FCRA, courts deciding claims under that statute have applied the common-law meaning of those terms embraced by the Supreme Court in *Nationwide Mutual Insurance Company v. Darden*, 503 U.S. 318, 322–25 (1992). *E.g.*, *Dunford v. Am. DataBank, LLC*, 64 F. Supp. 3d 1378, 1389–91 (N.D. Cal. 2014); *Lamson v. EMS Energy Mktg. Serv., Inc.*, 868 F. Supp. 2d 804, 816 (E.D. Wis. 2012). There, the Court held that when, as in FCRA, "Congress has used the term 'employee' without defining it," it must have "intended to describe the conventional master-servant relationship as understood by common-law agency doctrine." 503 U.S. at 322–23. When a complaint does not allege facts showing this sort of relationship between the plaintiff and defendant, it should be dismissed. *E.g.*, *Walker v. RealHome Serv. & Sols., Inc.*, 2019 WL 7944337, at *2–3 (N.D.

Gibson, Dunn & Crutcher LLP

7
DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

Ga. Aug. 9, 2019); *Johnson v. Sherwin-Williams Co.*, 152 F. Supp. 3d 1021, 1027 (N.D. Ohio 2015); *see also Lamson*, 868 F. Supp. 2d at 816 (summary judgment).

This is just that sort of complaint.  Mr. Romero has not alleged facts showing that any particular defendant conducted a background check on him or that it did so "for employment purposes"—that is, for the purpose of evaluating him "as an employee."  Instead, he alleges only that he "worked for Defendants during the relevant time period," and when he "applied for employment with Defendant, Defendant provided her [sic] with a disclosure and authorization form to perform background investigations."  Compl. ¶ 31.  There are no facts that could allow anyone to conclude either that Mr. Romero worked for any particular defendant, or that any defendant performed any background investigations on him.  Nowhere in the complaint does Mr. Romero allege even the most basic facts about applying for a job or working; nowhere does he state when he applied, to whom he applied, when (if ever) his application was accepted, or how long he worked for one or more defendants.  In short, he does not allege facts showing that he was employed by *any* of the companies he sued, much less Amazon specifically.  For that reason, his first claim should be dismissed.

### III. Mr. Romero Fails to Plead That Any Defendant Obtained an Investigative Consumer Report.

Mr. Romero's second claim is that the defendants failed to provide him disclosures and a summary of rights required by FCRA whenever someone obtains an "investigative consumer report." Compl. ¶¶ 56–69.  But his bare-bones complaint does not include the most basic fact necessary to state such a claim—that any defendant obtained an "investigative consumer report" in the first place.

FCRA requires those obtaining "investigative consumer reports" to make additional specific disclosures to the subjects of those reports beyond those required for "consumer reports" conducted for employment purposes.  15 U.S.C. §§ 1681d(a)(1), 1681g(c).  An "investigative consumer report" contains "information on a consumer's character, general reputation, personal characteristics, or mode of living" that was "*obtained through personal interviews* with neighbors, friends, or associates of the consumer reported on." 15 U.S.C. § 1681a(e) (emphasis added).  Nowhere in his complaint does Mr. Romero allege that anyone, including Amazon or any other defendant, conducted "personal interviews" with his "neighbors, friends, or associates."

Gibson, Dunn & Crutcher LLP

8
DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

Courts routinely dismiss investigative-consumer-report claims like Mr. Romero's for failure to allege that personal interviews were conducted. *E.g.*, *Contile v. Sectran Sec. Inc.*, 2019 WL 10851285, at *2 (C.D. Cal. Dec. 18, 2019) (collecting cases); *Cunha v. IntelliCheck, LLC*, 254 F. Supp. 3d 1124, 1129–30 (N.D. Cal. 2017) (dismissing complaint because it "does not allege any facts suggesting that [plaintiff's] report contained information that was 'obtained through personal interviews'"). One court dismissed a materially identical complaint, also filed by Mr. Romero's counsel, because it contained only a parade of legal conclusions and did "not allege any specific facts to state a plausible claim." *Poinsignon v. Imperva, Inc.*, 2018 WL 1709942, at *6 (N.D. Cal. Apr. 9, 2018). Remarkably, notwithstanding this dismissal, this complaint contains *almost exactly the same allegations* that the court specifically described as "insufficient" under Rule 8:

| Allegations specifically described as insufficient in *Poinsignon* | Allegations in Mr. Romero's complaint |
|---|---|
| "DEFENDANTS routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on PLAINTIFF. . . ." | "Defendants routinely acquire criminal, consumer, and investigative consumer and/or consumer credit checks (referred to collectively as 'background reports') to conduct background checks on Plaintiff. . . ." Compl. ¶ 2. |
| "As described above, PLAINTIFF alleges, on information and belief, that in evaluating her and other class members for employment, DEFENDANTS procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e))." | "Plaintiff alleges, upon information and belief, that in evaluating their [sic] and other class members for employment, Defendants procured or caused to be procured credit and background reports (i.e. a consumer report and/or investigative consumer report as defined by 15 U.S.C. section 1681a(d)(1)(B) and 15 U.S.C. section 1681a(e))." Compl. ¶ 43. |
| "DEFENDANTS procured investigative consumer reports or caused investigative consumer reports to be procured for PLAINTIFF | "Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as |

Gibson, Dunn & Crutcher LLP

9
DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

| | |
|---|---|
| and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA." | described above, without informing class members of their rights to request a written summary of their rights under the FCRA." Compl. ¶ 51. |

*Id.* It is bad enough to litter a complaint with legal conclusions. It is worse to recycle them, even after another court has specifically noted their inadequacy, and to waste further judicial resources.

The Court should dismiss Mr. Romero's second cause of action because he has not alleged any facts showing that the defendants obtained an "investigative consumer report."

### IV. Mr. Romero Has Not Stated a Claim for Negligent Violation of FCRA.

Mr. Romero alleges, in passing, that the defendants "were negligent" in purportedly not complying with FCRA. Compl. ¶¶ 55, 69. But he has not pleaded a negligent violation of FCRA as a matter of law. To state such a claim, Mr. Romero needed to have alleged that the purported violation caused him actual harm. The statute itself says as much: "Any person who is negligent in failing to comply" with FCRA "is liable . . . in an amount equal to the sum of . . . actual damages." 15 U.S.C. § 1681o. And courts have repeatedly emphasized that plaintiffs must plead and prove that they suffered actual damages. *See also, e.g.*, *Taylor v. Tenant Tracker, Inc.*, 710 F.3d 824, 829 (8th Cir. 2013) (summary judgment for defendant because plaintiff did not prove she suffered actual damages); *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 610 (7th Cir. 2005) (same); *Cousin v. Trans Union Corp.*, 246 F.3d 359, 371 (5th Cir. 2001) (vacating jury verdict for same reason).

Because he has not alleged facts showing he suffered actual damages, Mr. Romero's claims for negligent violations of FCRA must be dismissed. For example, in *Shelton v. Hal Hays Construction, Inc.*, 2016 WL 8904414, at *6 (C.D. Cal. July 29, 2016), the court dismissed a FCRA claim brought by Mr. Romero's counsel because the complaint alleged only that the "Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA." *Id.* at *4. This "conclusory and vague allegation" was insufficient to establish actual damages. *Id.* at *6; *accord, e.g.*, *Burnthorne-Martinez v. Sephora USA, Inc.*, 2016 WL 6892721, at *6 (N.D. Cal. Nov. 23, 2016) (plaintiff's "general and conclusory" allegations of actual damages

Gibson, Dunn & Crutcher LLP

10
DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

were insufficient to sustain a claim).  Here, Mr. Romero alleges *the very same thing* the plaintiff alleged in *Shelton*—that he and the class "have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA." Compl. ¶¶ 53, 67.  Just as in *Shelton*, this lone, conclusory allegation is insufficient to establish actual damages resulting from any defendant's alleged negligent violation of FCRA.  "Without an allegation of actual damages, the FCRA claim based on negligent violations fails" and must be dismissed.  *Poinsignon*, 2018 WL 1709942 at *4.

**V.     Mr. Romero's Claims Should Be Dismissed to the Extent He Seeks Injunctive Relief.**

On top of statutory damages, Mr. Romero also seeks injunctive relief.  Compl. ¶¶ 54, 68.  But only the Federal Trade Commission, not private litigants, may sue for injunctive relief under FCRA.  *E.g.*, *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *Poinsignon*, 2018 WL 1709942 at *4; *Howard v. Blue Ridge Bank,* 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005).

Mr. Romero's claims should therefore be dismissed insofar as he seeks injunctive relief.

**CONCLUSION**

The Court should dismiss Mr. Romero's complaint.

Dated: April 30, 2021

                              JASON C. SCHWARTZ
                              RACHEL S. BRASS
                              DANIEL R. ADLER
                              GIBSON, DUNN & CRUTCHER LLP


                              By:   */s/ Rachel S. Brass*
                                            Rachel S. Brass

                              GIBSON, DUNN & CRUTCHER LLP
                              Rachel S. Brass
                              rbrass@gibsondunn.com
                              555 Mission Street, Suite 3000
                              San Francisco, CA 94105-0921

                              Telephone:    415.393.8200
                              Facsimile:     415.393.8306


                              Attorney for Defendant
                              AMAZON LOGISTICS, INC.

Gibson, Dunn &
Crutcher LLP

11
DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC

## CERTIFICATE OF SERVICE

I, Daniel K. Tom, hereby certify that on April 30, 2021, the foregoing document was filed and served electronically using the CM/ECF system to all parties registered to receive notices, and pursuant to Local Rule 5-5 served to the registered agent for Need It Now, who is not receiving a notice of electronic filing.

Daniel K. Tom

Gibson, Dunn & Crutcher LLP

12
DEFENDANT AMAZON LOGISTICS, INC.'S NOTICE OF MOTION
AND MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT — CASE NO. 3:21-CV-00035-MMC